UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TAMIR T. CLARK,<br>    No. 421853,<br><br>    **Plaintiff,**<br><br>v.<br><br>DANNY DODD, *et al.*,<br><br>    **Defendants.** | No. 1:17-cv-00015<br>CHIEF JUDGE CRENSHAW |

# **M E M O R A N D U M**

Tamir T. Clark, an inmate of the South Central Correctional Facility in Clifton, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Assistant Warden Danny Dodd, Unit Manager Kristen Buttram, and Chief of Unit Management Ryan Deatherage, alleging violations of the Plaintiff's federal civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.   Section 1983 Standard

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the

Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, while the Plaintiff was an inmate of the South Central Correctional Facility, on July 27, 2016, the facility received a package for the Plaintiff consisting of one prayer rug, one prayer cap, one Holy Quran, and three ounces of prayer oil. This package was ordered by Tammy Collins from a religious vendor named Madina Industrial Corporation and sent to the Plaintiff by Tammy Collins. The complaint alleges that the package was sent in accordance with Tennessee Department of Correction (TDOC) policy #118.01 and in accordance with the Religious Property Memo approved by the Commissioner of the Department of Correction. (Doc. No. 1 at 1).

According to the complaint, the Plaintiff did not receive his package. After more than a week had passed, the Plaintiff wrote a letter to the Assistant Warden Danny Dodd to inquire as to the location of the Plaintiff's package. On August 15, 2016, Dodd responded that the package was in his office and "under review." (Id.) On August 17, 2016, Property Room Supervisor f/n/u Riley sent the Plaintiff a memo stating that his package "was sent back because it was not an approved vendor of the Tennessee Department of Correction." (Id. at 2).

Further, the complaint alleges that, on January 26, 2017, Unit Manager Kristen Buttram and Chief of Unit Management Ryan Deatherage conducted an inspection of the Plaintiff's cell during which time the Plaintiff told them that he had been living "in a 'black mold' infested cell for almost six months and that it was starting to affect [the Plaintiff's] health." (Id.) The complaint alleges that Buttram and Deatherage "ran out [of] the cell and since then they have never made an attempt to

3

correct the problem or remove [the Plaintiff] out [of] the cell." (Id.)

**IV.    Analysis**

   **A.    Free exercise and RLUIPA Claims**

The Plaintiff alleges that Defendant Dodd violated the Plaintiff's First Amendment right to the free exercise of religion when the Defendant refused to deliver the Plaintiff's package of religious materials. Prisoners have a First Amendment right to practice their religious beliefs, Hudson v. Palmer, 468 U.S. 517, 523, 104 S. Ct. 3194, 82 L.Ed.2d 393 (1984), but this right is not unlimited. All that is required under the First Amendment is prisoners be provided "reasonable opportunities" to practice their religion. Id. Therefore, an inmate's First Amendment right to exercise his religious beliefs may be subjected to reasonable restrictions and limitations reasonably related to legitimate penological interests. Bell v. Wolfish, 441 U.S. 520, 549-51, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979)(limited restriction against receipt of hardback books under certain circumstances was a rational response to a security problem and did not violate the First Amendment rights of inmates); Pollack v. Marshall, 845 F.2d 656, 658-60 (6th Cir.1988) (plaintiff who challenged a regulation limiting the length of prisoners' hair did not demonstrate he was prevented from practicing his religion in ways other than being required to comply with the hair length regulation failed to state a constitutional violation).

The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs, nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate; the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); Bell v. Wolfish, 441

U.S. 520, 547, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979); Procunier v. Martinez, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L.Ed.2d 224 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989).

The Plaintiff claims that he was denied his right to practice his religion when his personal religious materials were not delivered to him; he did not have a Quran in his cell, he did not have a prayer rug in his cell so that he could conduct prayer as he wished, and he did not have a hat or turban significant to his religion. Of course, the fact that the Plaintiff's religious materials were not delivered does not demonstrate in and of itself that the Plaintiff was denied reasonable opportunities to exercise his First Amendment right to religious freedom. The burden is on the Plaintiff to demonstrate that the right to practice his religion was denied. However, the complaint does not allege that, without the materials, the Plaintiff had an alternative means of exercising his religion. Based upon Plaintiff's allegations of the withholding of Plaintiff's religious materials, the Court concludes that these allegations are sufficient to state a non-frivolous First Amendment claim for purposes of the required PLRA screening.

Presuming that Plaintiff additionally is claiming that, by seizing or restricting Plaintiff's access to his alleged religious materials, Defendant Dodd violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), the Court also finds that the Plaintiff likewise has stated a non-frivolous claim for purposes of the PLRA screening. Under the RLUIPA,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling

5

governmental interest.

Title 42 U.S.C.A. § 2000cc–1(a)(1)-(2). RLUIPA thus requires an inmate to show that his or her religious exercise was substantially burdened. An action will be classified as a substantial burden when that action forced an individual to choose between following the precepts of his religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs. Barhite v. Caruso, 377 Fed. Appx. 508, 511 (6th Cir. 2010) (internal punctuation and citations omitted).

Plaintiff alleges that the failure to deliver his religious material substantially burdened the exercise of his religion. Consequently, the Court finds that the Plaintiff has stated a claim for purposes of the RLUIPA that a prison official imposed a substantial burden on his religious exercise by confiscating religiously necessary materials.

**B.    Conditions of Confinement Claims**

The Constitution does not protect a prisoner from unpleasant prison experiences. Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987). Nor does the Constitution mandate comfortable conditions of confinement. Rhodes v. Chapman, 452 U.S. 337, 101 S. Ct. 2400, 69 L.Ed.2d 59 (1981). However, the Eighth Amendment of the United States Constitution imposes an obligation to provide prisoners with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416, ____ (6th Cir. 1984).

The Plaintiff alleges that the conditions of confinement in his cell are unsafe due to the presence of black mold. Without an allegation of injury or harm, a plaintiff does not state a viable

6

Eighth Amendment claim. Here, the Plaintiff alleges that, as a result of the black mold, "it was starting to affect [his] health." (Doc. No. 1 at 2). He alleges that he told Defendants Buttram and Deatherage about the mold and about the health problems he was developing as a result of the mold, and both Defendants immediately exited the Plaintiff's cell and never addressed his concerns about the mold. (Id.)

The Eighth Amendment is implicated when a prison official is deliberately indifferent to living conditions which poses a substantial risk of serious harm to an inmate. See Estelle v. Gamble, 429 U.S. 97 (1976); Farmer v. Brennan, 511 U.S. 825, 834 (1994). An Eighth Amendment claim has both an objective and subjective component. Farmer, 511 U.S. at 834. The objective component requires the plaintiff to show a "sufficiently serious" deprivation. Id. According to the United States Supreme Court, determining whether a condition of confinement meets the objective factor of the Eighth Amendment test

> requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

Hall v. Jarrigan, No. 2:07-CV-127, 2008 WL 5377893, at *5 (E.D. Tenn. Dec. 18, 2008)(quoting Helling v. McKinney, 509 U.S. 25, 26 (1993)).

The Court finds that, for purposes of the PLRA screening, the conditions described by the Plaintiff could be found to violate contemporary standards of decency by exposing the Plaintiff to a risk that society is unwilling to tolerate–exposure to black mold. Although very generally, the Plaintiff alleges that he has suffered or will suffer a physical injury as a result of the alleged hazardous "black mold" conditions. See McIntyre v. Phillips, No. 1:07-cv-527, 2007 WL 2986470,

7

at *4 (W.D. Mich. Sept. 10, 2007)(recommending dismissal of *pro se* prisoner's § 1983 claim where "Plaintiff does not present any evidence that his exposure to black mold caused him anything beyond his unsubstantiated, perceived risk of future medical issues. In his complaint, he does not allege that he has actually suffered any effects from his alleged exposure to black mold."); Leonard v. Ohio Dep't of Rehabilitation and Corr., No. 2:09-CV-961, 2010 WL 3001631, at *1 (S.D. Ohio July 30, 2010)(adopting the report and recommendation to dismiss *pro se* prisoner's Eighth Amendment claim based on exposure to black mold, finding that "Plaintiff has not come forward with evidence to show that he is presently suffering a health condition due to exposure to mold and asbestos or that his future health is at risk."). The Court finds that the *pro se* Plaintiff should have an opportunity to develop this claim more fully. Consequently, the Court finds that the complaint states colorable Eighth Amendment claims against Defendants Buttram and Deatherage based on the allegations pertaining to the conditions of the Plaintiff's confinement. 28 U.S.C. § 1915A.

## V. Conclusion

As set forth above, the Court finds that the complaint states viable First Amendment and RLUIPA claims against Defendant Dodd as well as viable Eighth Amendment claims against Defendants Buttram and Deatherage. These claims shall proceed for further development of the record.

An appropriate Order will be entered.

*[signature]*
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE